**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

GLENN DELLEDONNA,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

Civil Action No. 12-CV-6250 (SDW)

**OPINION**

October 16, 2014

**WIGENTON,** District Judge.

Before this Court is Plaintiff Glenn Delledonna's ("Plaintiff") appeal of the final administrative decision of the Commissioner of Social Security (the "Commissioner"), with respect to Administrative Law Judge Leonard Olarsch's (the "ALJ" or "ALJ Olarsch") denial of Plaintiff's claim for Social Security Income ("SSI") of the Social Security Act (the "Act"). Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks review of the determination of the Commissioner, which denied Plaintiff's application for SSI under the Act.

This Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383 (g). Venue is proper under 28 U.S.C. § 1391(b). This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, this Court **REMANDS** this matter for further review.

**BACKGROUND AND PROCEDURAL HISTORY**

*Procedural History*

On May 6, 2005, Plaintiff filed for SSI benefits alleging disability beginning May 2, 2005. (R. 95-97.)   The Commissioner denied both the initial claim and the application for reconsideration. (R. 41-45, 51-54.)  Plaintiff requested a hearing, which was conducted before ALJ Brian H. Ferrie on November 8, 2007.  (R. 55-57, 28-34.)  On December 10, 2007, ALJ Brian Ferrie issued a decision denying Plaintiff's SSI claim, finding that Plaintiff did not suffer from a severe impairment and therefore was not disabled as defined by the Act.  (R. 28-34.)  Plaintiff sought review by the Appeals Council.  (R. 66-73.)  On August 13, 2008, the Appeals Council remanded, noting the need for further evidence of Plaintiff's pulmonary impairment and evaluation of Plaintiff's subjective complaints of the alleged symptoms.  (R. 37-40.)

On January 12, 2009, a second hearing was held before ALJ Olarsch. (R. 408-16.) ALJ Olarsch awarded Plaintiff benefits beginning May 4, 2007 for his fractured hip but denied SSI benefits for the time between May 2, 2005 and May 4, 2007.  (R. 408-16.)  He determined that prior to May 4, 2007, Plaintiff suffered no severe impairment. (R. 408-16.)  Plaintiff sought review by the Appeals Council. (R. 419-21.)  The Appeals Council affirmed the ALJ's finding of disability beginning May 4, 2007 but remanded because of the denial of benefits prior to that date.  (R. 422-25.)  The Appeals Council directed the ALJ to provide Plaintiff with a new hearing, provide rationale for the evaluation of Plaintiff's subjective complaints, and to further consider Plaintiff's maximum residual functional capacity.  (R. 423.)  On April 11, 2012, a third hearing was held before ALJ Leonard Olarsch.  The ALJ found that Plaintiff suffered no severe impairments prior to May 4, 2007 and therefore denied benefits between May 2005 and May 2007.  (R. 16-21.)

Plaintiff requested a review by the Appeals Council, but on August 6, 2012, the Appeals Council denied the request.  (R. 8-10, 12.)

***Work and Medical History***

Plaintiff was born March 26, 1952 and is currently 62 years old. (R. 95.)  On the date he filed the application for SSI benefits, he was 53 years old.  (R. 116.)  From January 1992 to December 1993, Plaintiff worked as a laborer at a warehouse, and from January 2000 to February 2000, as a garbage collector.  (R. 120.)  Plaintiff indicated that he became unable to work on March 1, 2003, when his medical condition first affected him.  (R. 120.)  Plaintiff claims that he stopped working on January 1, 2002 in order to take care of his mother.  (*Id.*)

On April 11, 2005, Plaintiff was diagnosed with hypoglycemia, diabetes, and hypertension. (R. 156.)  In September 2005, Plaintiff submitted his application for SSI, where he complained of difficulty walking for extended periods due to constant pain and swelling in his legs and feet.  (R. 119-125.)  Plaintiff also indicated that he became disabled in May 2005 as a result of his diabetes and hypertension.  (R. 119.)

On or about September 1, 2005, Plaintiff had a consultative exam with Dr. Alexander Hoffman.  (R. 167-69.)  During the exam, Plaintiff complained of burning sensations and numbness in his lower extremities. (R. 167-68.)  Dr. Hoffman determined that Plaintiff suffered from "peripheral neuropathy related to the diabetes with a few scattered ulcerations of the" legs and "slightly reduced peripheral arterial pulses consistent with vascular disease secondary to diabetes." (R. 169.)  Dr. Hoffman also observed that Plaintiff controlled his hypertension, walked with a normal gait, stood and supported himself, walked on both of his heels and toes, touched his toes, and had normal upper body strength.  (R. 169.)  On September 23, 2005, Dr. Emanuel Elfenbeim examined Plaintiff and reported that Plaintiff experienced a slight decrease in sensation

in both legs and had an ulcer on his left leg.  (R. 173.)  Dr. Elfenbeim concluded that Plaintiff's "impairment is not severe."  (R. 173.)

In May 2007, Plaintiff fractured his hip and had significant trouble standing and walking. (R. 414.) At this time, Plaintiff began walking with a cane. (R. 415.)  In April 2012, Dr. Gerald Galst, the medical expert, testified before ALJ Olarsch.  (R. 501-10.)  Dr. Galst indicated that Plaintiff suffered from type two diabetes and "mild sensory neuropathy involving his feet." (R. 505-06.)  Dr. Galst stated that there was insufficient evidence to determine Plaintiff's functional capacity in 2005 prior to Plaintiff's hip fracture in 2007.  (R. 505.)  When asked whether Plaintiff's condition could affect his ability to stand or walk, Dr. Galst responded that there was not enough information to answer.  (R. 509.) Additionally, Dr. Steven Feinstein, the vocational expert, appeared but did not testify at the hearing before the ALJ.  (R. 488-511.)

**LEGAL STANDARD**

Under 42 U.S.C. § 405(g) district courts have plenary review of the ALJ's decision to deny a plaintiff's application for Social Security benefits.  *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).  A reviewing court must uphold the ALJ's factual determinations if they are supported by "substantial evidence."  42 U.S.C. § 405(g); *Fargnoli v. Massanari*, 247 F.3d 24, 38 (3d Cir. 2001); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000).  Substantial evidence means more than "a mere scintilla."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  Furthermore, "[t]his standard is not met if the Commissioner 'ignores, or fails to resolve, a conflict created by countervailing evidence.'"  *Bailey*

4

*v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)).[1]

The ALJ must consider and weigh all the pertinent medical and non-medical evidence, and "adequately explain in the record his reasons for rejecting or discrediting competent evidence." *Ogden v. Bowen,* 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing *Brewster v. Heckler,* 786 F.2d 581 (3d Cir. 1986)); *see also Burnett v. Comm'r of Soc. Sec. Admin.,* 220 F.3d 112, 122 (3d Cir. 2000). However, if the factual record is adequately developed, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966).  Additionally, a reviewing court may not set aside an ALJ's decision simply because a reviewing court would have reached a different decision.  *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007) (citation omitted).  The court is required to give substantial weight and deference to the ALJ's findings.  *See Scott v. Astrue*, 297 F. App'x 126, 128 (3d Cir. 2008).

In considering an appeal from a denial of benefits, remand is appropriate "where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on the plaintiff's claim for disability benefits."  *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) (quoting *Saldana v. Weinberger*, 421 F. Supp. 1127, 1131 (E.D. Pa. 1976)).  A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits."  *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984).

[1] *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) ("Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.").

**DISCUSSION**

***Five-Step Sequential Analysis***

A claimant's eligibility for social security benefits is governed by 42 U.S.C. § 1382. An individual will be considered disabled under the Social Security Act ("Act") if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" lasting continuously for at least twelve months.  42 U.S.C. § 432(d)(1)(A). The impairment must be severe enough to render the individual "not only unable to do his previous work but [unable], considering his age, education, and work experience, [to] engage in any kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). A claimant must show that the "medical signs and findings" related to his ailment have been "established by medically accepted clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C. § 423(d) (5)(A).

To make a disability determination, the ALJ follows a five-step sequential analysis to determine disability under the Act.  *See* 20 C.F.R. § 404.1520; *see also Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479-80 (3d. Cir. 2007).  Step one requires the ALJ to determine whether the claimant is engaging in substantial gainful activity ("SGA"), which is defined as work that involves doing significant and productive physical or mental duties for pay or profit.  *See* 20 C.F.R. §§ 404.1520(b).  If the claimant engages in SGA, he is not disabled, for purposes of receiving social security benefits, regardless of the severity of his impairment(s).   20 C.F.R. § 416.920(a)(4)(i).  If the individual is not engaging in SGA, the ALJ proceeds to step two.  *Id.* § 416.920.

If the claimant establishes that she is not currently engaged in SGA, the ALJ then determines whether, under step two, the claimant suffers from a severe impairment or combination of impairments. *Id.* § 404.1520(a)(4)(ii). An impairment or combination of impairments is "not severe" when medical and other evidence establishes only a slight abnormality or combination of abnormalities that would have a minimal effect on an individual's ability to work. *Id.* § 416.921. If a severe impairment or severe combination of impairments is not found, the claimant is not disabled. If the ALJ finds a severe impairment or combination of impairments, he then proceeds to step three, where he must determine whether the claimant's impairment(s) is equal to or exceeds one of those included in the Listing of Impairments in 20 C.F.R. Part 404 Subpart P, App. 1. 20 C.F.R. §§ 416.920(d), 416.925, 416.926.

Under step three, if an impairment or combination of impairments meets the statutory criteria of a listed impairment, as well as the duration requirement, the claimant is disabled, and entitled to benefits. *Id.* § 416.920(d). However, if the claimant's impairment(s) do not meet the severity of the listing impairment, or if the duration is not sufficient, the ALJ proceeds to the next step. *Id.* § 416.920(e).

 Before undergoing the step four analysis, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. *Id.* § 416.920(e). The ALJ considers all impairments in this analysis, not just those deemed severe. *Id.* §§ 404.1520, 416.920(e), 416.945; SSR 96-8p. After determining a claimant's RFC, the ALJ must determine, under the step four analysis, whether the claimant has the RFC to perform the requirements of his past relevant work. *Id.* §§ 404.1520(e)-(f), 416.920(f). If the

claimant is able to perform his past relevant work (or alternatively does not have past relevant work), he will not be found disabled under the Act.

If the claimant is unable to resume his past work, the disability evaluation proceeds to the fifth and final step.  At step five, the ALJ must determine whether the claimant is able to do any other work considering his RFC, age, education, and work experience.  *Id.* § 416.920(g).  Unlike the first four steps of the analysis, where the claimant bears the burden of persuasion, if the claimant establishes that his impairment prevents him from performing any of his past work, the burden shifts to the ALJ at step five to determine whether the claimant is capable of performing an alternative SGA present in the national economy.  *See* 20 C.F.R. §§ 404.1520(g), 416.920(g); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987).

***ALJ's Decision***

ALJ Olarsch considered Plaintiff's record and determined that Plaintiff was not disabled from May 2005 and May 2007.[2]  (R. 416.)  ALJ Olarsch applied the five-step sequential analysis process prescribed by the Act. (R. 16-20.)  At step one, he found that Plaintiff did not engage in SGA between May 2, 2005, the application date, and May 4, 2007, the date the ALJ recognized as the onset of Plaintiff's disability. (R. 18.)

At step two, the ALJ denied Plaintiff's application because, although he determined that Plaintiff suffered from diabetes and hypertension, he found that neither impairment significantly limited Plaintiff's ability to "perform basic work-related activities for 12 consecutive months." (R. 18-20.)

---

[2] The ALJ's decision was partially favorable towards Plaintiff. (R. 404-16.)  Although he determined that Plaintiff has been disabled since May 2007, he found that Plaintiff was not disabled from May 2005 to May 2007. Thus, the relevant time period for Plaintiff's current application is May 2005 to May 2007.

However, a denial of "benefits at step two of the analysis should be reviewed with close scrutiny." *McRea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2003). The step two analysis is a "de minimis" test to dispose of groundless claims." *Newell v. Comm'r of Soc. Sec.*, 347 F. 3d 541, 546 (3d Cir. 2003) "Only those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits at step two." *Id.* at 546. If the effect an impairment has on a claimant's performance of basic work functions cannot be clearly determined, the analysis should not end at step two. *See* SSR 85-28. Reasonable doubts regarding the severity of an impairment and its impact on basic work-related functions should be resolved in favor of the claimant. *Newell*, 347 F.3d at 547.

Basic work-related functions are those that are necessary to perform most jobs, including:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
(2) Capacities for seeing, hearing, and speaking;
(3) Understanding, carrying out, and remembering simple instructions;
(4) Use of judgment;
(5) Responding appropriately to supervision, co-workers and usual work situations; and
(6) Dealing with changes in a routine work setting.

SSR 85-28.

The severity requirement is not met where the "impairment does not significantly impact [Plaintiff's] physical ability to do basic work activities." *Newell*, 347 F.3d at 546. When considering the severity of an impairment, the ALJ must consider all symptoms "and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" including opinion evidence. (R. 19; 20 C.F.R. §§ 416.929, 927; SSR 96-4p, 96-7p.) The ALJ follows a two-step process in considering the symptoms. *See* SSR 96-4p; R. 19. First, the ALJ determines whether an underlying medically determinable impairment exists that could reasonably produce the alleged symptoms. *See id.* If the ALJ determines the first step

9

is met, then the ALJ "must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning." (*Id.*)  When a claimant's statements pertaining to the "intensity, persistence, and limiting effects" of the symptoms are not supported by the medical evidence, the ALJ must determine the credibility of those statements.  SSR 96-7P.

Plaintiff argues that the ALJ's finding of no severe impairment at step two was not supported by substantial evidence.  (*See* Pl.'s Br. 1-2). Plaintiff testified that the bottoms of his feet were sore, his legs throbbed, and that he had a sensation of "pins and needles" dating back to May 2005. (R. 495-96.)  Additionally, Plaintiff stated that he had trouble standing for longer than 15 minutes and did not believe he could walk further than one block. (R. 500.)  As previously discussed, standing and walking are considered basic work-related functions.  *See* SSR 85-28. However, the ALJ concluded that Plaintiff's statements regarding his standing and walking limitations were not credible because Plaintiff suffered no severe impairment.  (R. 19.)  He found that Plaintiff suffered from medically determinable impairments, diabetes and hypertension, which "could reasonably be expected to produce the alleged symptoms."  (R. 19.)  The ALJ's consideration of "the medical evidence . . . lack of medical treatment, and the testimony of the medical expert" resulted in a finding that Plaintiff did not suffer from any severe impairment.  (R. 20.)

To support his finding of no severe impairment, the ALJ discussed Plaintiff's April 2005 emergency room visit for high insulin intake, which resulted in hypoglycemia.  (R. 19.)  ALJ Olarsch noted that Plaintiff denied any other symptoms, showed good peripheral pulses, and had no swelling or tenderness in his extremities. (R. 19-20.)  The ALJ also cited Dr. Hoffman's examination in support for his finding of no disability at step two. (R. 20.)  In particular, the ALJ

noted that Plaintiff walked with a normal gait, got on and off the examination table without assistance, walked on both heels and toes, and supported himself on only one leg.  (R. 20.) However, the ALJ's decision also acknowledged Dr. Hoffman's finding of "peripheral neuropathy, with ulceration on the left leg and slightly reduced pulses." (R. 20.)

Although the ALJ used the medical evidence outlined above to support a finding that Plaintiff did not suffer from a severe impairment, Dr. Galst, the medical expert, testified that there was insufficient evidence to determine Plaintiff's functional limitations or capacity during the relevant time period. (R. 19, 505-09.)  When considered in light of the "de minimis" screening at step two, this Court does not find that the medical evidence provides substantial evidence to warrant a determination of no severe impairment. (R. 20.)

Additionally, the ALJ's second decision dated January 30, 2009, was "incorporate[d] by reference" into the ALJ's third decision dated April 19, 2012, which Plaintiff is currently appealing.  (R. 18, 410-15.)   In contrast to the ALJ's third decision, the second decision found Plaintiff to suffer from "the following severe impairments: diabetes and hypertension" as of May 2, 2005.  (R. 410.)  The Appeals Council acknowledged in its review of the second decision that the ALJ "based his decision on the evidence of record, including the testimony from a medical expert" who testified at the hearing.  (R. 424.)  Additionally, the Appeals Council gave direction to the ALJ that for the third decision, the ALJ must give "further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record." (R. 423.)  Despite this direction, the ALJ did not consider Plaintiff's RFC because the ALJ determined no disability at step two.  (R. 18.)

Accordingly, this Court remands this case to be reviewed by a different ALJ for further clarification.[3]  The new ALJ should review the case and provide further explanation as to Plaintiff's medical condition and treatment from 2005 to 2007.  Additionally, on remand, if warranted by the new finding, the ALJ should expound upon the work Plaintiff would have been able to find given his medical condition.

**CONCLUSION**

For the foregoing reasons, this Court finds that substantial evidence does not support the ALJ's decision.  Accordingly, this Court **REMANDS** this matter to a different ALJ for further proceedings consistent with this Opinion.

s/Susan D. Wigenton, U.S.D.J.

Orig:   Clerk
Cc:     Parties

---

[3] If a matter is heard twice by the same ALJ—as is the case here—that matter should be assigned to a different ALJ on remand.  *See* HALLEX I-2-1-55D.11.a.